IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
NO. 1:17-cv-116-GCM

| | |
|---|---|
| JASON M. WHEELER,<br><br>        Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>  Acting Commissioner of Social Security,<br><br>        Defendant. | ORDER |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 11) and Commissioner's Motion for Summary Judgment (Doc. No. 12). Having carefully considered the motions and reviewed the record, the court enters the following findings, conclusions, and Order.

## I.  Background

The administrative history of this matter is as stated in the Commissioner's memorandum of law supporting the Commissioner's motion for summary judgment.

The ALJ's findings relevant to this proceeding are as follows: Plaintiff has not engaged in substantial gainful activity since his alleged onset date. (Tr. 22). Plaintiff has osteoarthritis of the left hip, scoliosis, pericarditis, ankylosing spondylitis, and pancreatitis, which individually or in combination more than minimally affect his ability to perform work related activities and are thus considered to be "severe." (Tr. 22–23). However, Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 24).

1

After a consideration of the entire record, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> except he can never climb a ladder, rope, or scaffold and never crawl, crouch or balance. He can occasionally climb a ramp or stairs and occasionally stoop and kneel. He needs to avoid concentrated exposure to extreme cold and extreme heat, vibration (especially as it would impact the lower extremities), and workplace hazards such as unprotected heights, and moving machinery.

(*Id.*). Based on this RFC, the ALJ found in the fourth step that Plaintiff is unable to perform any past relevant work. (Tr. 27). Finally, at the fifth step, the ALJ concluded that there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. 28). Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act. (Tr. 29).

## II. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

### III. Discussion

On appeal, Plaintiff asserts that the ALJ erred in his decision, alleging that (1) he erred in assigning "little weight" to the opinion of Plaintiff's treating physician and (2) he erred in assessing Plaintiff's credibility.

### A. Treating Physician

A treating physician is a physician who has observed the plaintiff's condition over a prolonged period of time. *Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983). An ALJ must give controlling weight to the opinion of a treating source regarding the nature and severity of a claimant's impairment if that source's medical opinion is "well-supported by medically acceptable clinical and diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2). And if an ALJ does not find that controlling weight is warranted, an ALJ must consider six factors in determining what alternative weight to give the opinion: (1) whether it was an examining relationship; (2) whether it was a treating relationship, and the length, frequency, nature, and extent of such relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the source; and (6) other factors. *Id.* § 416.927(c).

Here, the ALJ stated that he followed this procedure in his evaluation of opinion testimony in this matter. (Tr. 24). On January 28, 2014, Todd Davis, M.D., Plaintiff's physician, opined in a written checklist that Plaintiff could only sit or stand for 15–20 minutes at a time, that Plaintiff was limited in walking, that Plaintiff could lift no more than 15 pounds, and that Plaintiff had limitations in pushing and pulling. (Tr. 672). On September 1, 2015, Dr. Davis opined that Plaintiff is "disabled" and "has major health issues" due to joint issues and seizures. (Tr. 675). The ALJ determined that these opinions were only entitled to "little weight." (Tr. 26).

First, it is clear that the ALJ did not err in assigning Dr. Davis's September 2015 opinion little weight. As the ALJ correctly noted at the time, "[a] determination of disability is reserved solely for the commissioner, partially because such a determination requires consideration of vocational factors." (Tr. 26); *see also* 20 C.F.R. § 416.927(d)(1). Thus, Dr. Davis's opinion that Plaintiff is disabled is not a medical opinion that is entitled to controlling weight. Further, the ALJ discounted Dr. Davis's reliance on seizures as a disabling factor because "the claimant testified [seizures] are not a problem." (Tr. 26). While this may be an oversimplification of Plaintiff's testimony that his seizure medication helped prevent his seizures and that he was not having seizures on a regular basis anymore, (Tr. 49), it correctly identified that Dr. Davis's reliance on Plaintiff's seizures as a disabling factor was not adequately supported by the record.

Second, the ALJ also did not err by assigning Dr. Davis's January 2014 checklist opinion little weight. The ALJ noted that Dr. Davis's "treatment notes reflect no neurological deficits, no loss of sensation or reflex, and they do not detail limitations in range of motion." (Tr. 26). Thus, the ALJ found that Dr. Davis's checklist opinion, which provided little to no explanation for each finding, was not fully supported by the medical evidence of record. Plaintiff argues that the treatment notes do not need to reflect those three limitations in order for Dr. Davis to have reached his opinion. While this may be true, their absence may certainly weigh in the ALJ's mind as to how well-supported the opinion is. Additionally, a brief review of the treatment notes issued by Dr. Davis in the months following his January 2014 checklist opinion show that Plaintiff experienced some improvement and that Plaintiff's symptoms were not aggravated by "sitting or prolonged sitting," as the January 2014 opinion would suggest. (*See* Tr. 715, 719). And while the ALJ afforded Dr. Davis's ultimate opinions little weight, he properly took his medical findings into account in assigning Plaintiff a limitation to sedentary work. (Tr. 27).

Thus, the ALJ did not err in assigning the opinions of Dr. Davis little weight.

**B. Plaintiff's Credibility**

Plaintiff next contends that the ALJ improperly evaluated his testimony. An ALJ must follow a two-step analysis of a claimant's credibility. First, the ALJ must consider whether there is an underlying "medically determinable impairment that could reasonably be expected to produce [the alleged] symptoms." 20 C.F.R. § 416.929(b). Second, if such an impairment is found, the ALJ must evaluate the "intensity and persistence of [the alleged] symptoms." *Id.* § 416.929(c). The ALJ must consider the following: (1) a claimant's testimony and other statements concerning pain or other subjective complaints; (2) claimant's medical history and laboratory findings; (3) any objective medical evidence of pain; and (4) any other evidence relevant to the severity of the impairment. *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996); 20 C.F.R. § 416.929(c); SSR 96-7p. The term "other relevant evidence" includes: a claimant's activities of daily living; the location, duration, frequency and intensity of their pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of medications taken to alleviate their pain and other symptoms; treatment, other than medication, received; and any other measures used to relieve their alleged pain and other symptoms. 20 C.F.R. § 416.929(c).

Here, the ALJ first found that the "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. 25). At the second step, however, the ALJ found "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms" to be "not entirely credible." (*Id.*). The ALJ stated that "several factors" erode Plaintiff's credibility. For example, the ALJ noted: (1) Plaintiff seeks treatment "usually for routine purposes or paperwork;" (2) Plaintiff testified that he had a problem sitting,

but records show that sitting does not aggravate his symptoms; and (3) Plaintiff first claimed seizures were a part of his alleged disability, but he later testified that they were controlled by his medication. (Tr. 26). The ALJ did, however, incorporate Plaintiff's statements that were not contradicted by other evidence in the record, such as his testimony that his pain was worse with cold. (*Id.*). Thus, the Court finds that the ALJ properly evaluated Plaintiff's subjective statements and did not err in finding them to be not entirely credible.

## IV. Conclusion

For the foregoing reasons, the Court finds that the ALJ's decision is supported by substantial evidence.

Accordingly, Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **DENIED**, the Commissioner's Motion for Summary Judgment (Doc. No. 12) is **GRANTED**, and the decision of the Commissioner that Plaintiff was not disabled within the meaning of the Act is **AFFIRMED**.

**SO ORDERED**.

Signed: August 29, 2018

Graham C. Mullen
United States District Judge